IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **CAROL C. SUSSEL,** )<br>)<br>        **Plaintiff,** )<br>)<br>    v. )<br>)<br>**MICHAEL WYNNE, Secretary of** )<br>**the Air Force,** )<br>)<br>        **Defendant.** )<br>_____) | Civ. No. 05-00444 ACK-KSC |

### ORDER REGARDING COX REPORT
### AND DIRECTING COUNSEL TO MEET AND CONFER

On September 26, 2006, Plaintiff filed a Motion in Limine To Admit Commander Directed Report of Investigation Prepared by Lt. Col. Kimberly Cox into Evidence ("Plaintiff's Motion in Limine Re: Cox Report"), seeking to admit the Commander Directed Report of Investigation Prepared by Lt. Col. Kimberly Cox dated June 10, 2004 (the "Cox Report"). Plaintiff also filed a Motion in Limine To Admit the Underlying Statements of Witnesses in the Commander Directed Report of Investigation Prepared by Lt. Col. Kimberly Cox into Evidence ("Plaintiff's Motion in Limine Re: Underlying Statements"). Also on September 26, 2006, Defendant filed a Motion in Limine Precluding Admissibility of the Commander Directed Investigation Conducted by Lt Col Kimberly Cox and Supporting Memorandum ("Defendant's

Motion in Limine Re: Cox Report").

On October 3, 2006, Plaintiff filed an opposition to Defendant's motion and a supplement to Plaintiff's Motion in Limine Re: Cox Report.  On the same day, Defendant filed oppositions to Plaintiff's motions.  A pretrial conference and hearing on the motions in limine is scheduled for October 12, 2006.

The purpose of this order is to set forth the law applicable to the motions regarding the Cox Report and inform the parties of this Court's inclination so that the parties may meet and confer prior to the pretrial conference.

**A.   Hearsay Exception for Public Records and Reports**

Federal Rule of Evidence ("Rule") 803 provides that certain types of hearsay statements are not made excludable by the hearsay rule, whether or not the declarant is available to testify.  <u>Beech Aircraft Corp. v. Rainey</u>, 488 U.S. 153, 161 (1988); <u>see also</u> Rules 801, 802, 803.  Rule 803(8) defines certain "public records and reports" that are not excludable as hearsay:

> Public records and reports.  Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, . . . or (C) in civil actions . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

The parties agree that the Cox Report is a report of a public office or agency, setting forth factual findings resulting from an investigation made pursuant to authority granted by law, as required by the rule. See Rule 803(8)(C); see also generally Plaintiff's Motion in Limine Re: Cox Report; Defendant's Motion in Limine Precluding Admissibility of the Commander Directed Investigation Conducted by Lt. Col. Kimberly Cox.  However, the parties disagree over whether the sources of information or other circumstances indicate lack of trustworthiness. See Rule 803(8)(C).  The parties also disagree as to whether underlying witness statements contained in the Cox Report are admissible and as to what constitutes legal conclusions contained in the Cox Report.

   **1.   Trustworthiness**

A trial court is entitled to presume that a public report is authentic and trustworthy. See Gilbrook v. City of Westminster, 177 F.3d 839, 858 (9th Cir. 1999); Johnson v. City of Pleasanton, 982 F.2d 350, 352 (9th Cir. 1992).  "The burden of establishing otherwise falls on the opponent of the evidence, who must come 'forward with enough negative factors to persuade a court that a report should not be admitted.'" Gilbrook, 177 F.3d 858 (quoting Johnson, 982 F.2d at 352).  This burden is premised on the assumption that public officials perform their duties properly without motive or interest other than to submit accurate

and fair reports. Johnson, 982 F.2d at 352-53 (quoting Bradford Trust Co. v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 805 F.2d 49, 54 (2d Cir. 1986)).

In this case, Defendant has contested the trustworthiness of the Cox Report. As a result, this Court has an obligation to examine the trustworthiness of the report and, if found to be untrustworthy, exclude the entire report or any portions thereof that the Court determines to be untrustworthy. See Beech Aircraft, 488 U.S. at 167. The Advisory Committee notes to Rule 803(8) set forth a nonexclusive list of factors that may be of assistance in passing upon the admissibility of public reports: (1) the timeliness of the investigation; (2) the special skill or experience of the official; (3) whether a hearing was held and the level at which conducted; and (4) possible bias when reports are prepared with a view to possible litigation. See Advisory Committee's Notes on Fed. R. Evid. 803(8), 28 U.S.C.App., p. 725; see also Beech Aircraft, 488 U.S. at 167-68; Hines, 886 F.2d at 303.

### 2. Underlying Statements[1]

Pursuant to the terms of Rule 803(8)(C), only "factual

---

[1] The Court notes that it is unclear what "underlying statements" Plaintiff is seeking to admit in Plaintiff's Motion in Limine Re: Underlying Statements. The Court assumes that Plaintiff is referring to the witness statements quoted in the text of the Cox Report since Plaintiff has presented the Court with no separate witness statements.

<u>findings</u> resulting from an investigation" are excluded from the hearsay rule pursuant to the public records exception contained in that subsection.  <u>See</u> Rule 803(8)(C) (emphasis added).  Thus, Rule 803(8)(C) does not exclude from the category of hearsay any underlying witness statements contained in the Cox Report because those statements are not "factual findings resulting from an investigation."  <u>See</u> Rule 803(8)(C); <u>see also</u> <u>United States v. Taylor</u>, -- F.3d --, 2006 WL 2506038 at *2 (8th Cir. Aug. 31, 2006) (report's recitation of witness statement does not fall under the exception contained in Rule 803(8)(C); each level of hearsay in report must fall within an exception to the hearsay rule); <u>United States v. Mackey</u>, 117 F.3d 24, 28-29 (1st Cir. 1997) (hearsay statements by third persons contained in report are not admissible under Rule 803(8)(C) merely because they appear within the public report; such statements raise the problem of "hearsay within hearsay").  To the extent such witness statements are not otherwise permitted by the hearsay rules, they are not admissible.  <u>See</u> <u>Taylor</u>, 2006 WL 2506038 at *2; <u>Mackey</u>, 117 F.3d at 28-29.  The Court notes, however, that underlying statements may be admissible if, for example, they are not hearsay because they are not offered to prove the truth of the matter asserted or they are admissions by a party-opponent.  <u>See, e.g.</u>, Rule 801(c) and (d)(2).

### 3. Legal Conclusions

The U.S. Supreme found in <u>Beech Aircraft</u> that "portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion." <u>Beech Aircraft</u>, 488 U.S. at 170. However, the Court "express[ed] no opinion on whether legal conclusions contained in an official report are admissible" under Rule 803(8)(C). <u>Id.</u>, 488 U.S. at 170 n.13.

The U.S. Court of Appeals for the Eleventh Circuit has explicitly found that "Rule 803(8)(C) does <u>not</u> provide for the admissibility of the legal conclusions contained within an otherwise admissible public report." <u>Hines</u>, 886 F.2d at 302 (emphasis added). The Eleventh Circuit reasoned that "[l]egal conclusions are inadmissible because the jury would have no way of knowing whether the preparer of the report was cognizant of the requirements underlying the legal conclusion and, if not, whether the preparer might have a higher or lower standard than the law requires." <u>Id.</u> at 303. In an unpublished decision, the Ninth Circuit agreed that legal conclusions contained in public reports are not admissible under Rule 803(8)(C). <u>See</u> <u>Equal Employment Opportunity Comm'n v. Columbia Alaska Regional Hospital</u>, 126 Fed. Appx. 382, 383-84 (9th Cir. 2005) (citing

Hines in n.7).[2/]  Likewise, this Court finds that the legal conclusions contained in the Cox Report constitute inadmissible hearsay and do not fall under the exclusion contained in Rule 803(8)(C).[3/]  Therefore, the Court finds that if the Cox Report is admitted into evidence, all legal conclusions must be redacted.[4/]

---

[2/] In accordance with U.S. Ct. of App. 9th Cir. Rule 36-3, the Court is not relying on this unpublished opinion.

[3/] The Eleventh Circuit has cautioned that "the amorphous line between 'factual' and 'legal' conclusions may obscure a practical analysis under this rubric" and has provided some guidance to lower courts:
> While a legal conclusion encompasses the idea that the State will habitually sanction and enforce a legal relation of a specific content, a factual conclusion is one of a number of contingencies on which the State predicates this relation . . . . Another way of looking at this inquiry is: Would the conclusion, if made by the district court, be subject to the clearly erroneous standard of review on appeal?  If so, then the conclusion is factual; if not, then the conclusion is legal.  In addition, for those conclusions which are a mixed question of law and fact, a potential framework for analysis would be to ask whether the investigator made a finding of the "ultimate facts" underlying the legal conclusion.

Hines, 886 F.2d at 303 (internal citations omitted).

[4/] The Court notes that findings of discriminatory (or nondiscriminatory) intent or motive are factual findings, not legal conclusions. See Anderson v. City of Bessemer, 470 U.S. 564, 566 (1985) ("finding of discriminatory intent in an action brought under Title VII . . . is a factual finding that may be overturned on appeal only if it is clearly erroneous") (citing Pullman-Standard v. Swint, 456 U.S. 273 (1982)); Norris v. City and County of San Francisco, 900 F.3d 1326, 1329 (9th Cir. 1990) ("A district court's finding of no discriminatory intent is a factual finding which may not be overturned on appeal unless
(continued...)

**B.   Relevance and Probative Value**

Additionally, the Cox Report (or portions thereof) may only be admitted into evidence if they are admissible under the other Federal Rules of Evidence, including Rules 402 and 403. See Hines, 886 F.2d at 304; see also Beech Aircraft, 488 U.S. at 167-68.[5] For instance, information in the Cox Report related to Plaintiff's allegation that a lifeguard stole Plaintiff's tool bag is inadmissible under Rule 402 because it is irrelevant to this case. See Rules 401 and 402; see also Cox Report at 39-40. Likewise, information in the Cox Report related to Plaintiff's allegation that Francisco Faria sexually harassed Plaintiff is inadmissible under Rule 403 because, in light of the Court's grant of summary judgment to Defendant on this claim, any probative value of such information would be substantially outweighed by danger of unfair prejudice to Defendant, confusion of the issues, and misleading the jury. See Summary Judgment Order at 60-62 (granting summary judgment to Defendant on all

---

[4](...continued)
clearly erroneous.").

[5] The Court notes that in general, evidence of an employer's allegedly discriminatory conduct against other employees is relevant and highly admissible to prove the employer's motive and intent in taking an action against a plaintiff, under Federal Rules of Evidence ("Rules") 401, 402, 403, and 404(b). See Heyne v. Caruso, 69 F.3d 1475, 1479-80 (9th Cir. 1995). Therefore, the Court is inclined to admit evidence of allegedly discriminatory conduct toward other Asian/Pacific Islander employees. The Court will address this issue in more detail in a future written order, after the pretrial conference.

gender-related claims, including sexual harassment).

**C.   Video Conference Testimony**

At the pretrial conference, Plaintiff would like to introduce two-way video (or telephone) conference testimony of Col. William Kunzweiler, the commander who appointed Cox to conduct the investigation, regarding the trustworthiness of the Cox Report.  See Plaintiff's Motion in Limine To Admit Testimony of Witnesses Via Video Teleconference, or Alternatively, by Telephone at 16 (Sept. 26, 2006).[6]

Federal Rule of Civil Procedure 43(a) permits presentation of testimony in open court by contemporaneous transmission from a different location for good cause shown in compelling circumstances.  See Fed. R. Civ. P. 43(a); Beltran-Tirado v. Immigration and Naturalization Service, 213 F.3d 1179, 1185 (9th Cir. 2000).  The Court finds that good cause has been shown in compelling circumstances here because the witness is in Alabama and it would be difficult and costly to have him testify in person at the pretrial conference.  Accordingly, Plaintiff may present two-way video conference testimony from Kunzweiler at the

---

[6] Plaintiff originally requested that the Court allow video conference testimony of Kunzweiler and Cox at the pretrial conference.  See Plaintiff's Motion in Limine To Admit Testimony of Witnesses Via Video Teleconference, or Alternatively, by Telephone at 15-16.  Plaintiff subsequently indicated that Cox will not be available to testify at the pretrial conference.  See Plaintiff's Supplement to Her Motion in Limine To Admit Commander Directed Report of Investigation Prepared by Lt. Col. Kimberly Cox into Evidence at 2 (Oct. 3, 2006).

pretrial conference.[7/]  If video conference capability is unavailable, Plaintiff may present two-way telephone conference testimony.

**D.   Cox Deposition**

In a supplement to her Motion in Limine Re: Cox Report, Plaintiff indicates Cox is unavailable to testify at the pretrial conference via video conference, as Plaintiff had previously expected.  See Plaintiff's Supplement to Her Motion in Limine To Admit Commander Directed Report of Investigation Prepared by Lt. Col. Kimberly Cox into Evidence at 2 (Oct. 3, 2006) ("Plaintiff's Supplemental Memo").  Therefore, in order to preserve Cox's testimony regarding her appointment to conduct the investigation culminating in the Cox Report, Plaintiff seeks to take Cox's deposition via telephone prior to the pretrial conference.  See id. at 2.  Defendant objects to Plaintiff's request to depose Cox.  See id. at 2-3.

Plaintiff is seeking this information from Cox to rebut Defendant's argument that the Cox Report is untrustworthy.  As discussed above, Plaintiff is entitled to a presumption that the report is trustworthy; it is only because Defendant has challenged the trustworthiness of the report that the Court must

---

[7/]The witness will be sworn and subject to cross examination.  If counsel wishes to show any document to the witness while the witness is testifying, counsel must provide the document to the witness prior to the date of the testimony.

examine its trustworthiness.  Moreover, Defendant was aware that Plaintiff intended to call Cox as a witness at the pretrial conference (subject to the Court's permission).  See, e.g., Letter to Judge Kay from Clayton C. Ikei (Sept. 5, 2006).  Given Cox's unavailability to testify at the pretrial conference, the Court finds that Plaintiff should be permitted to take Cox's deposition in lieu of presenting her live testimony.  Thus, the Court orders that counsel arrange for Plaintiff's counsel to take Cox's deposition for the purpose of determining whether the Cox Report is trustworthy.  However, at this time, the Court does not address whether Cox's deposition will be permitted at trial if Plaintiff wishes to use it at trial.

**E.     Conclusion**

The Court has not reached a conclusion regarding the trustworthiness of the Cox Report at this time, and will not reach such a conclusion until after the matter has been addressed at the pretrial conference.  However, the Court notes that it is inclined to find the Cox Report (or some portions thereof) to be trustworthy.  Therefore, the Court directs counsel to meet and confer to determine, if the Cox Report is found to be trustworthy, what portions of the 86 page report fall within the standards outlined in this order.  By October 11, 2006 at 1:00

p.m.,[8/] counsel shall submit to this Court a **joint**, proposed, redacted version of the Cox Report, in which counsel have redacted all inadmissible hearsay, legal conclusions, irrelevant portions, and other portions that should be excluded pursuant to Rule 403.[9/]  The document should include a separate statement explaining any disagreement by the parties over specific language contained in the Cox Report.

    Accordingly, the Court directs counsel to commence meeting on these matters on Thursday, October 5, 2006.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, October 4, 2006.



_____
Alan C. Kay
Sr. United States District Judge

---

[8/] In addition to filing the document with the clerk's office, two courtesy copies must be hand delivered to chambers by the deadline.

[9/] For purposes of preparing this document, at this time counsel should assume that the Court will admit evidence of allegedly discriminatory conduct toward other Asian/Pacific Islander employees.  See supra footnote 5.