IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROLE C. SUSSEL, | ) CIVIL NO. 05-00444 ACK-KSC |
| | ) |
| Plaintiff, | ) REPORT OF THE SPECIAL |
| | ) MASTER REGARDING BILL OF |
| vs. | ) COSTS |
| | ) |
| MICHAEL WYNNE, in his | ) |
| official capacity as the | ) |
| Secretary of the Air Force, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

REPORT OF THE SPECIAL MASTER REGARDING BILL OF COSTS

On February 5, 2007, Defendant Michael Wynne, in his official capacity as the Secretary of the Air Force ("Defendant"), filed Defendant's Bill of Costs ("Bill of Costs"). Defendant requests that the Court tax costs in the amount of $9,708.51 against Plaintiff Carole C. Sussel ("Plaintiff"). On February 13, 2007, 2006, Plaintiff filed an Objection to Defendant's Bill of Costs ("Objection").

On February 28, 2007, this matter was referred to this Court by Senior United States District Judge Alan C. Kay pursuant to Local Rule 53.1 of the Local

Rules for the United States District Court for the District of Hawaii ("Local Rules").

Defendant, as the prevailing party in this action, seek costs pursuant to 28 U.S.C. § 1920 and Local Rule 54.2(b) of the Local Rules of the United States District Court for the District of Hawaii ("Local Rules").  Specifically, Defendant seeks the following costs: (1) $4,643.35 for deposition transcripts pursuant to 28 U.S.C. § 1920(2) and Local Rule 54.2(f)(2); (2) $108.00 in printing costs pursuant to 28 U.S.C. § 1920(3) and Local Rule 54.2(f)(4); (3) $4,679.00 for trial transcripts necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(2); and (4) $278.16 in witness fees pursuant to 28 U.S.C. § 1920(3) and Local Rule 54.2(f)(3).

Plaintiff does not object to Defendant's request for $108.00 in printing costs and $278.16 in witness fees.  Plaintiff objects in part to Defendant's proposed taxable costs as to deposition and trial transcripts, and requests that the Court reduce Defendant's Bill of Costs by $2,610.25, for a total

taxable amount of $7,098.26.  The Court will address each of the disputed costs.

Under Federal Rule of Civil Procedure ("Rule") 54(d), costs are allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d).  While courts have discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920.  See <u>Yasui v. Maui Electric Co., Ltd.</u>, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).

Pursuant to 28 U.S.C. § 1920(2), a judge may tax "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Pursuant to Local Rule 54.2(f)(2), a judge may tax costs for the "stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case." L.R. 54.2(f)(2).

Defendant seeks $4,643.35 in deposition transcript costs.  Plaintiff objects to Defendant's request in part insofar as it includes costs for an

"appearance fee," "condensed transcripts," "ASCK II disks," "signature fee," "storage fees" and "delivery" for live witnesses, and for "appearance fees," "pick up fees," and "courier" fees for records depositions. Plaintiff argues that these costs are not allowable under Local Rule 54.2, Jones v. Board of Trustees of Community College Dist. No. 508, 197 F.R.D. 363 (N.D. Ill. 2000)(holding that ASC II disks and "minuscripts" are for the convenience of counsel and not taxable), and Fields v. General Motors Corp., 171 F.R.D. 234 (N.D. Ill. 1997)(stating that deposition delivery charges are not recoverable under Section 1920).

After reviewing the invoices attached as Exhibits A-L to Defendant's Memorandum in Support of Bill of Costs, the Court finds that the $4,643.35 requested for deposition transcript costs is reasonable.  The additional costs listed on the invoices for "storage", and "signature", for example, appear to be incidental to the cost of a ordering an original and one copy of a deposition transcript.  The Court interprets 28 U.S.C. § 1920(2) to incorporate the

4

incidental costs listed on the invoices in this case. See Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 177 (9th Cir. 1990)(stating that the court "may interpret the meaning of the items enumerated as taxable costs in section 1920(2)").

Defendant also seeks $4,679.00 for trial transcripts necessarily obtained in order to respond to Plaintiff's Motion for Judgment as a Matter of Law, or Alternatively, For a New Trial, filed on November 13, 2006 ("Motion for Judgment as a Matter of Law"). Plaintiff's Motion for Judgment as a Matter of Law required Defendant to cite to specific testimony elicited during trial. Defendant ordered real time transcripts of particular days of testimony during the trial. Defendant argues that the trial transcripts should be deemed necessary as this was a complex case, with over twenty-five (25) witnesses that lasted over the course of three weeks.

Plaintiff objects to the Defendant's requested costs to the extent that Defendant ordered real time

transcripts.  Since Defendant stated that he ordered the trial transcripts only to respond to Plaintiff's Motion for Judgment as a Matter of Law, Plaintiff argues that the real time transcripts were unnecessarily ordered because Plaintiff's Motion for Judgment of as a Matter of Law had not yet been filed at the time when the transcripts were requested.

Before awarding the cost of daily transcripts, the court must find that they were "necessarily obtained for use in the case."  28 U.S.C. § 1920(2). Defendant ordered real time transcripts on the days that Plaintiff, Plaintiff's expert, and the alleged discriminating official, testified.  While Defendant may not have ordered these transcripts specifically in order to respond to Plaintiff's Motion for Judgment as a Matter of Law, the Court nevertheless finds that they were necessarily obtained for use in the case.  The Court notes that this case was complex and that the trial last over the course of three weeks.  Therefore, the Court finds that the limited number of real time

transcripts requested by Defendant were necessarily obtained for use in this case.

Accordingly, the Court FINDS and RECOMMENDS that Defendant be awarded the costs he requested as follows:  (1) $4,643.35 for deposition transcripts pursuant to 28 U.S.C. § 1920(2) and Local Rule 54.2(f)(2); (2) $108.00 in printing costs pursuant to 28 U.S.C. § 1920(3) and Local Rule 54.2(f)(4); (3) $4,679.00 for trial transcripts necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(2); and (4) $278.16 in witness fees pursuant to 28 U.S.C. § 1920(3) and Local Rule 54.2(f)(3).  The Court hereby FINDS and RECOMMENDS that the Clerk be directed to tax costs in the amount of $9,708.51.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, March 21, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge